25CA1224 Rivera v Reinschmidt 07-30-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1224
El Paso County District Court No. 24CV429
Honorable Hilary Gurney, Judge

Ethan Rivera,

Plaintiff-Appellant,

v.

Diana Reinschmidt,

Defendant-Appellee.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE SCHOCK
Welling and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 30, 2026

Ethan Rivera, Pro Se

Law Offices of Gabriel Montalvo, PLLC, Gabriel Montalvo, Colorado Springs, Colorado, for Defendant-Appellee

¶ 1    Plaintiff, Ethan Rivera, appeals the dismissal of his complaint against defendant, Diana Rheinschmidt,[1] for failure to state a claim upon which relief can be granted.  We affirm.

## I.    Background

¶ 2    Rivera sued Rheinschmidt for "illegal eviction, personal injury liability, and inheritance theft."  In his complaint, he alleged that he had previously moved into his aging mother's home to take care of her and Rivera's grandmother.[2]  After the grandmother died, Rheinschmidt — Rivera's mother's sister — began "moving everything out of the house," enlisting the mother to help.  During this process, Rivera's mother fell several times, ultimately falling down the stairs and breaking her hip.  Rheinschmidt "left her on the floor for [twelve] hours" before she was taken to the hospital.

¶ 3    While in the hospital, Rivera's mother was diagnosed with "extremely progressive and aggressive brain damage that is often associated with dementia patients."  Rivera was given her medical

---

[1] The district court and Rivera spell defendant's last name "Reinschmidt."  But defendant's filings spell her last name "Rheinschmidt."  We use the spelling used by defendant herself.

[2] Because this is an appeal from a dismissal under C.R.C.P. 12(b)(5), we take as true the facts alleged in Rivera's complaint.

power of attorney.  Meanwhile, Rheinschmidt "removed all [Rivera's] property" from the home and "made it all disappear."  Rivera was told by police that he could not lawfully enter the property.

¶ 4    Although the hospital recommended that Rivera's mother be sent to an inpatient rehabilitation center, Rheinschmidt "somehow stole the medical [power of attorney] that [had been] given to Rivera" and sent her to live instead with Rivera's sister and her partner, where Rivera alleges that she is being held against her will.

¶ 5    Rheinschmidt moved to dismiss the complaint under C.R.C.P. 12(b)(5) for failure to state a claim upon which relief can be granted. Noting that the complaint did not delineate any particular claims, she construed it to assert claims for wrongful eviction, conversion, intentional infliction of emotional distress (IIED), fraud, and battery. And she argued that Rivera had not pleaded a plausible claim for any of them.  Rivera responded simply that he "reject[ed] any motion to dismiss" because he was "still submitting evidence."

¶ 6    The district court granted the motion to dismiss, concluding that Rivera "fail[ed] to state plausible claims for relief under the *Warne* [*v. Hall*, 2016 CO 50,] standard."  The court analyzed

Rivera's claims as ones for wrongful eviction, conversion, and IIED, and it determined:

- The wrongful eviction claim failed because Rivera did not allege any ownership interest in the property or any threatened or actual use of force by Rheinschmidt.

- The conversion claim failed because Rivera did not allege any elements of that claim other than that Rheinschmidt exercised control over Rivera's property.

- The IIED claim failed because "there [was] no evidence" that Rheinschmidt caused his mother's injuries or that she did so with the intent to cause Rivera severe emotional distress, nor did Rivera adequately allege that he in fact suffered severe emotional distress.

## II. Standard of Review and Legal Standard

We review de novo an order dismissing a complaint under C.R.C.P. 12(b)(5) for failure to state a claim upon which relief can be granted. *Norton v. Rocky Mountain Planned Parenthood, Inc.*, 2018 CO 3, ¶ 7. In doing so, we accept the factual allegations in the complaint as true, viewing them in the light most favorable to the plaintiff, to determine whether the complaint states a plausible

claim for relief. *Id.*; *Warne*, ¶ 2. To satisfy this standard, the factual allegations "must be enough to raise a right to relief 'above the speculative level.'" *Warne*, ¶ 9 (citation omitted). We will affirm a C.R.C.P. 12(b)(5) dismissal "when the plaintiff's factual allegations do not, as a matter of law, support the claim for relief." *Norton*, ¶ 7.

### III. Dismissal Order

¶ 8 Rivera contends that the district court erred by dismissing his complaint. He asserts that (1) his allegations stated a plausible claim for relief, and (2) the district court applied an incorrect legal standard in concluding otherwise. We are not persuaded.

¶ 9 Initially, we note that most of Rivera's allegations — both in the complaint and on appeal — concern injuries to his mother. Rivera does not have standing to assert claims for his mother's injuries. *See Semler v. Hellerstein*, 2016 COA 143, ¶ 19 ("A plaintiff lacks standing to sue for injuries allegedly suffered by someone else."), *rev'd on other grounds sub nom., Bewley v. Semler*, 2018 CO 79. And although Rivera asserts on appeal that he is his mother's legal guardian, he did not purport to bring claims on her behalf.

¶ 10 As for Rivera's own injuries, Rivera does not dispute the district court's characterization of his claims. Nor does he

4

challenge the legal underpinnings of the district court's ruling. *See People v. Archer*, 2022 COA 71, ¶ 42 (explaining that when an appellant does not challenge a ground for the district court's ruling, we must conclude it was correct); *Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 41 n.12 (declining to consider "undeveloped and unsupported arguments"), *aff'd*, 2021 CO 56.

¶ 11     Instead, he simply argues that his allegations were "detailed" and "go well beyond conjecture." But in doing so, he again focuses almost entirely on what Rheinschmidt allegedly did *to Rivera's mother* — including forcing her to leave her home, stealing from her, and physically abusing her. None of these allegations can support a plausible claim for relief *for Rivera. See Semler*, ¶ 19; *see also C.W.B. v. A.S.*, 2018 CO 8, ¶ 18 ("[A] litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." (citation omitted)).

¶ 12     Moreover, the problem, in the district court's view, was not that Rivera's allegations were insufficiently specific. It was that he failed to allege the necessary elements of his claims. For the wrongful eviction claim, Rivera did not allege the existence of a landlord-tenant relationship or otherwise allege that he had a legal

interest in the house, which he alleged his mother had invited him to live in. *See* § 38-12-510(1), C.R.S. 2025 ("It is unlawful for a *landlord* to remove or exclude a *tenant* from a dwelling unit without resorting to court process . . . ." (emphasis added)); *see also People v. Murray*, 2018 COA 102, ¶¶ 15, 23 (holding that the defendant did not become a tenant or obtain a possessory interest in the premises by "moving into the victim's house for a time and helping to pay certain bills"), *overruled on other grounds by, People v. Vanderpauye*, 2023 CO 42. For the conversion claim, Rivera did not allege that he demanded the return of his property or that Rheinschmidt refused to return it. *See Scott v. Scott*, 2018 COA 25, ¶¶ 31, 33 (listing elements of a conversion claim). And for the IIED claim, Rivera did not plausibly allege that, by mistreating his mother, Rheinschmidt intended to cause *Rivera* severe emotional distress. *See Mackall v. JPMorgan Chase Bank, N.A.*, 2014 COA 120, ¶ 49. Nor did he allege that *he* — as opposed to his mother — in fact suffered severe emotional distress. *See id.*

¶ 13　　The allegations Rivera points to — many of which do not appear in his complaint — do not fix these deficiencies. He does not cite any allegations that fill the gaps the district court identified.

6

Nor does he take issue with the court's legal conclusions that such allegations were required. The closest he comes to addressing the basis for the court's ruling is his assertion that Rheinschmidt's conduct "caused tremendous emotional distress." But even then, he focuses primarily on the distress suffered by his brother and his mother. *See English v. Griffith*, 99 P.3d 90, 93 (Colo. App. 2004) (noting that an IIED claim requires that the defendant's conduct caused *the plaintiff* to suffer severe emotional distress). The only action Rivera identifies that was directed toward him — that Rheinschmidt falsely accused him of planning to kill his mother — was not in the complaint. And although it is reasonable to assume that Rivera felt some distress by seeing the alleged conduct toward his mother, he points to nothing in the complaint to suggest that Rheinschmidt intentionally or recklessly caused *Rivera's* distress.

¶ 14　　In his reply brief, Rivera argues that the district court applied an incorrect legal standard by noting the lack of "credible evidence" to support Rivera's claims. Although we do not ordinarily address arguments first raised in a reply brief, *see In re Marriage of Dean*, 2017 COA 51, ¶ 31, we agree that the district court misstated the pleading standard to the extent it referred to the lack of evidence to

support Rivera's claims. A plaintiff need not present *any* evidence at the motion to dismiss stage. To the contrary, the court must accept the factual allegations in the complaint as true. *Norton,* ¶ 7.

¶ 15 But the district court's erroneous reference to the lack of evidence on certain points does not require reversal. The district court properly stated the legal standard in its order, including that the court "accepts all allegations in the complaint as true and views them in the light most favorable to the plaintiff." It then explained that it was "reviewing [the complaint's] allegations of fact, viewing them as true and in the light most favorable to [Rivera]." Read in this context, the court's reference to the lack of "credible evidence" was likely a misstatement — intended to refer to the lack of *allegations* — rather than a misunderstanding of the legal standard.

¶ 16 In any event, to the extent the district court erred, any error is harmless because our review is de novo, and applying the correct legal standard, we recognize that Rivera did not need to present any evidence to overcome the motion to dismiss. *See Coomer v. Donald J. Trump for President, Inc.,* 2024 COA 35, ¶ 71 (holding that district court's improper factual findings were harmless where review was de novo and division "disregard[ed] any such factual findings").

8

¶ 17    Applying that standard, we conclude that the district court did not err by dismissing Rivera's complaint under C.R.C.P. 12(b)(5) for failure to state a plausible claim for relief.

## IV.    Other Contentions

¶ 18    Rivera raises several other issues on appeal that he did not raise in the district court (and that appear unrelated to his claims in this case).  He argues that (1) the court erred by refusing to recognize him as an "interested person," as his mother's guardian; (2) the court violated his guardianship rights by undermining his decision-making authority; (3) the court and "associated medical or institutional actors failed to prevent repeated injury and neglect" of his mother; (4) his mother's "religious and cultural . . . rights were infringed"; and (5) "systemic bias affected the court's approach."

¶ 19    Because Rivera did not raise these issues in the district court, nor did the district court rule on them, we do not address them. *See Gebert v. Sears, Roebuck & Co.*, 2023 COA 107, ¶ 25 ("In civil cases, arguments never presented to, considered by, or ruled upon by a district court may not be raised for the first time on appeal.").

¶ 20    Similarly, because Rivera did not seek exemplary damages in the district court, and because he failed to state a viable claim for

relief, he may not seek exemplary damages on appeal. *See* § 13-21-102(1.5)(a), C.R.S. 2025 ("A claim for exemplary damages . . . may be allowed *by amendment to the pleadings* only after . . . the plaintiff establishes prima facie proof of a triable issue." (emphasis added)).

## V.    Disposition

¶ 21    The judgment is affirmed.

JUDGE WELLING and JUDGE LUM concur.